IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | 8:06CR384 |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| JAMES HOWARD, ) | |
| ) | |
| Defendant. ) | |

      This matter is before the court on the motion of defendant James Howard (Howard) to disclose the identity of a confidential informant listed in the affidavit for the search warrant (Filing No. 34). Howard is charged in the Indictment with a conspiracy to distribute and possess with intent to distribute cocaine base ("crack" cocaine), during the period of January 1, 2006 through December 11, 2006 (Count I) in violation of 21 U.S.C. § 846; the possession with intent to distribute "crack" cocaine on May 15, 2006 (Count II), in violation of 21 U.S.C. § 841(a)(1); the distribution of "crack" cocaine on February 13, 2006 (Count V) in violation of 21 U.S.C. § 841(a)(1); the use and carrying of firearms on May 15, 2006, during a drug trafficking offense (Count III) in violation of 18 U.S.C. § 924(c); a criminal forfeiture (Count IV) in violation of 21 U.S.C. § 853 regarding various currency seized from co-defendants during the period of the conspiracy; and the forfeiture of various firearms involved and used during the conspiracy (Count VI) in violation of 18 U.S.C. § 924(d).

      Some of the charges stem from evidence seized during the execution of a state court authorized search warrant at 4305 N. 48th Street, Omaha, Nebraska, on May 15, 2006. In the affidavit and application for the search warrant, the affiant set forth information received from a confidential informant concerning what the confidential informant observed and heard inside the apartments sought to be searched. Howard seeks the identity of such confidential informant(s).

      The court held a hearing on the motion on February 21, 2007. Howard was present for the hearings along with his retained counsel, Susan M. Bazis. The United States was represented by Assistant U.S. Attorney Robert F. Cryne and Joshua Carter, a senior law student at Creighton Law School. The court received into evidence copies of the affidavits

for the search warrants in question and heard arguments of counsel.  A transcript (TR.) of the hearing was filed in this matter (Filing No. 55).  The portion of the proceedings related to the motion to disclose the identity of confidential informants is found at pages 2 through 10 of the transcript.

## LEGAL ANALYSIS

The government has asserted its privilege to withhold from disclosure the identity of the source under ***Roviaro v. United States***, 353 U.S. 53, 59 (1957).  **See** TR. 5.  The informant privilege is not absolute; it must give way when the defendant can show disclosure is material to his defense or to a fair determination of the cause.  ***Id.*** at 60-61.  Consequently, the government must disclose an informant's identity when the informant actively participated in and/or was a percipient witness to the underlying act or transaction which formed the basis for the indictment.  ***Id.*** at 63-65.  When an informant's involvement is limited to providing information relevant to the issue of probable cause, disclosure of the confidential informant's identity will not be required.  ***McCray v. Illinois***, 386 U.S. 300, 312-13 (1967).

In this case, the evidence before the court is that the confidential informant was present during transactions at both locations noted in the search warrants and Howard is charged with a conspiracy to distribute "crack" cocaine during the period of time in question.  As such, the confidential informant(s) constitute percipient witness(es) to the conspiracy charge.  Accordingly, the court finds Howard's motion to disclose should be granted.

**IT IS ORDERED:**

Howard's motion to require the disclosure of a confidential informant (Filing No. 34) is granted.  The government shall disclose the identity of the confidential informants set forth in the state search warrant affidavits at least two weeks prior to the commencement of trial.

**ADMONITION**

Pursuant to NECrimR 57.2 any appeal of this Order shall be filed with the Clerk of the Court within ten (10) days after being served with a copy of this Order.  Failure to timely appeal may constitute a waiver of any objection to the Order.  The brief in support of any appeal shall be filed  at the time of filing such appeal.  Failure to file a brief in support of any appeal may be deemed an abandonment of the appeal.

DATED this 11th day of May, 2007.

BY THE COURT:

 s/Thomas D. Thalken
United States Magistrate Judge