IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:06CR384** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM AND ORDER** |
| | ) | |
| **JAMES A. HOWARD,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court on the Report and Recommendation (Filing No. 86) issued by Magistrate Judge Thomas D. Thalken recommending denial of the Defendant's motion to suppress (Filing No. 32). No objections have been filed to the Report and Recommendation as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a).

The Defendant seeks an order suppressing the following: 1) evidence and statements obtained during and as a result of a May 8, 2006, traffic stop; 2) evidence seized during the May 15, 2006, execution of a search warrant at 4304 N. 48th Street in Omaha, Nebraska; 3) evidence of the Defendant's June 15, 2006, arrest; and 4) evidence and statements obtained during and as the result of a July 2, 2006, traffic stop.[1]

Notwithstanding the absence of objections, pursuant to 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3, the Court has conducted a de novo review of the record. The Court has read the parties' briefs (Filing Nos. 33, 35, 46, 59, 68) and the transcript (Filing No. 55). The Court has also viewed the evidence. (Filing No. 53.)

---

[1] Howard withdrew the portion of his motion relating to the following evidence that he sought to suppress, according to his motion: 1) evidence of an October 1, 2005, arrest; and 2) evidence obtained as a result of a February 26, 2006, traffic stop. (Filing No. 86, at 1-2.)

Judge Thalken concluded: Howard was not entitled to a hearing pursuant to *Franks v. Delaware,* 438 U.S. 154 (1978); Howard lacks standing to contest the search of the basement at 4304 N. 48th Street, Omaha, Nebraska; the information in the affidavit supporting the search warrant for 4304 N. 48th Street was not stale information and provided sufficient probable cause for issuance of the search warrant; assuming arguendo that the search warrant lacked probable cause, the evidence seized is admissible under the *Leon* good faith exception, and the exceptions to the *Leon* rule do not apply; Officer Watson's reasonable belief that Howard committed a traffic violation provided probable cause for the May 8, 2006, stop of the vehicle driven by Howard; Howard's statements made during the course of his encounter with officers following his May 8, 2006, traffic stop were voluntary; Howard's statements made on May 15, 2006, after the execution of search warrants were voluntary, and his will was not overborne; Howard's June 15, 2006, arrest was based on probable cause; Officer Baudler objectively had a reasonable belief that Howard committed a traffic infraction, and therefore the July 2, 2006, traffic stop was based on probable cause; and Howard's statements made following his July 2, 2006, traffic stop were voluntary. Because Judge Thalken fully, carefully, and correctly applied the law to the facts, the Court adopts the Report and Recommendation in its entirety.

IT IS ORDERED:

1. The Magistrate Judge's Report and Recommendation (Filing No. 86) is adopted in its entirety; and
2. The Defendant's motion to suppress (Filing No. 32) is denied.

DATED this 7th day of June, 2007.

BY THE COURT:

S/Laurie Smith Camp
United States District Judge