### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 8:06CR384 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | TENTATIVE FINDINGS |
| ) | |
| JAMES A. HOWARD, ) | |
| ) | |
| Defendant. ) | |

The Court has received the Amended Presentence Investigation Report ("PSR"), the Defendant's objections thereto (Filing No. 175) and the government's adoption of the report (Filing No. 173).[1] *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The Defendant objects to several portions of the PSR. The objections are discussed below.

### ¶ 41 - *Investigator/CI Statements*

The objections are denied, as the Court is not at liberty to change the statements of the investigator or the confidential informant.

### ¶ 49 - *Base Offense Level*

The offense involves cocaine base, and the 2006 guidelines were used in writing the PSR and assessing a base offense level of 38 for "more than 1.5 kilograms crack cocaine." However, under the 2007 guidelines the base offense level is 36. The objection is granted.

---

[1] The Defendant also filed objections that preceded the Amended PSR (Filing Nos. 152, 155, 169). These objections appear to be moot in light of the Amended PSR.

***¶ 51 - Role***

A 4-level enhancement under U.S.S.G. § 3B1.1(a) was assessed for the Defendant's alleged role as an organizer or leader of criminal activity that involved at least 5 participants. The parties agreed in their plea agreement that the Defendant should not receive a role enhancement. (Filing No. 112.) Therefore, the objection is granted.

***¶ 68 - Alleged Gang Affiliation***

The objection is denied, as the information in this paragraph does not relate to the sentencing guideline calculation.

***¶ 70 - Prior Arrest***

The charge appears as "dismissed" in the PSR. The Defendant argues that he was not arrested for this offense. This issue does not affect the sentencing guideline calculation, and it is denied.

IT IS ORDERED:

1. The Defendant's Objections to the Presentence Investigation Report (Filing No. 175) are granted in part and denied in part as follows:

    a. the objections to ¶¶ 49 (base offense level) and 51 (role) are granted;

    b. the objections to ¶¶ 41, 68 and 70 are denied;

2. Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

3. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are

required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

4.  Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final; and

5.  Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 21st day of November, 2007.

BY THE COURT:

S/ Laurie Smith Camp
United States District Judge