# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JAMES A. HOWARD,<br><br>    Defendant. | 8:06CR384<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Defendant's Motion to Reduce Sentence Under Section 404 of the First Step Act, ECF No. 349. For the reasons described below, the Motion will be denied.

On June 28, 2007, the Defendant James A. Howard entered into a plea agreement, ECF No. 112, agreeing to enter a plea of guilty to Counts I, III, IV, and VI of the Indictment. Count I charged him with conspiracy to distribute 50 grams or more of a mixture or substance containing cocaine base; Count III charged him with use of a firearm in connection with the drug offense; and Counts IV and VI were forfeiture counts. See Indictment, ECF No. 1. In the plea agreement, the parties agreed "that the Defendant should be held responsible beyond a reasonable doubt for more than 1.5 kilograms of a mixture of substance containing a detectable amount of cocaine base (i.e. 'crack cocaine')". ECF No. 112 at Page ID 582.

At the Defendant's plea hearing on July 9, 2007, Magistrate Judge Thomas Thalken had a lengthy discussion with the Defendant and his counsel regarding the drug quantity stipulated in the plea agreement. Transcript of Plea Hearing, ECF No. 132, 29:6-10; 31:5-7; 34:14 to 35-19; 36:25 to 41:11. The Defendant confirmed his understanding

that, with respect to Count I, he was accepting responsibility for at least 1.5 kilograms of a mixture of substance containing a detectable amount of cocaine base, resulting in a base offense level of 38. *Id.* at 40:24 to 41:11.

The Amended Presentence Investigation Report, ECF No. 178, reflected the Defendant's responsibility for more than 1.5 kilograms of cocaine base, resulting in a base offense level of 38 for Count I. *Id.* at Page ID 861. At sentencing on November 26, 2007, the Court granted the Defendant's objection to a four-level role enhancement. The Court also granted the Defendant's motion for a downward departure or variance based on alleged overstatement of criminal history and reduced the Defendant's criminal history category from II to I. Contrary to the Defendant's assertion in his Brief, ECF No. 350, the Court did ***not*** reject the stipulated drug weight and reduce the weight to 500 grams of crack cocaine. The Court accepted the plea agreement and adopted the facts in the Amended Presentence Investigation Report, except the with respect to matters noted above. The Court specifically noted that the Defendant was responsible for "at least 1.5 but less than 4.5 kilograms of crack cocaine." See Sentencing Transcript at ECF No. 342, 3:23 to 4:5. The Defendant's base offense level for Count I was reduced from 38 to 36 not because of any change in drug weight, but due to changes in the U.S. Sentencing Guidelines, effective November 1, 2007. See Sentencing Recommendation, ECF No. 179, dated November 19, 2007.

The Defendant was sentenced to 135 months incarceration on Count I and 60 months on Count III, to be served consecutively. See Judgment at ECF No. 180. His sentence on Count I was reduced on May 21, 2012, to a term of 121 months, and reduced again to a term of 120 months, the statutory mandatory minimum term, on October 13,

2015, pursuant to 18 U.S.C. § 3582(c)(2) and retroactive amendments to the U.S. Sentencing Guidelines.

The First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), at § 404, permits but does not require sentencing judges to apply the Fair Sentencing Act to sentences imposed prior to August 3, 2010. The Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010), effective August 3, 2010, reduced the penalties for certain crack cocaine offenses.

The Defendant argues that because he was held responsible for only 500 grams of crack cocaine (a false assertion) and that amount is "just a fraction over" the 280-gram threshold triggering the 10-year statutory mandatory minimum term in 18 U.S.C. § 841(b)(1)(A) following the Fair Sentencing Act, his trial strategy would have been altered if the Fair Sentencing Act had been in place in 2007. He contends that he should be held responsible only for the quantity of drug alleged in Count I of the Indictment—50 grams of cocaine base—and not for a "judge-found" drug quantity used to determine a statutory penalty. He seeks a plenary resentencing under the First Step Act, applying the drug quantity set out in Count I of the Indictment.

The Defendant's arguments fail for several reasons. First, the drug quantity (at least 1.5 kilograms of cocaine base) was not a judge-found fact. It was a fact to which the Defendant stipulated pursuant to his plea negotiations and for which the Defendant received substantial benefit in return, including dismissal of Counts II and V of the Indictment and avoidance of a potential sentence of life imprisonment. See Transcript of Plea Hearing, ECF No. 132, 37:25 to 38:22. Second, it is reasonable to infer that if the Fair Sentencing Act had been in effect in 2007 the government would have charged the

3

Defendant in accordance with the language of the new law, *i.e.*, conspiracy to distribute 280 grams or more of a mixture or substance containing cocaine base. The government cannot be faulted for using the statutory language in existence at the time of the Indictment. Third, even if the Defendant were eligible for a reduction in his sentence under the First Step Act, no plenary resentencing hearing would be warranted.[1] Finally, even if the Defendant were eligible for relief under the First Step Act, this is not a case in which the Court would exercise its discretion to grant such relief.

For the reasons stated above the Court concludes that the First Step Act provides the Defendant no relief, because his sentence on Count I of the Indictment continues to be governed by the statutory mandatory minimum term required under 21 U.S.C. § 841(b)(1)(A).

IT IS ORDERED:

The Defendant's Motion to Reduce Sentence Under Section 404 of the First Step Act, ECF No. 349, is denied.

Dated this 28th day of June 2019.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge

---

[1] Fed. R. Crim. P. 43(b) states: "A defendant need not be present under any of the following circumstances: . . . (4) The proceeding involves the correction or reduction of a sentence under Rule 35 of 18 U.S.C. § 3582(c)." Section 3582(c) states: "The court may not modify a term of imprisonment once it has been imposed except that— (1) . . . (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute[.]"